IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALLEN NEELY CAFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:13-CV-322-NJR-DGW |
| | ) | |
| LUCAS MAUE, TODD SCOTT, CHAD | ) | |
| HASEMEYER, SEAN HENRY, | ) | |
| RICHARD MOORE, and MARY | ) | |
| RICHARD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court are the "Combined Motion to Object to March 30, 2015 Memorandum and Order, Move for Reconsideration, and to Answer in Response to Two (2) Excessive Force Claims" filed by Plaintiff on April 27, 2015 (Docs. 69 and 70) and the Response filed by Defendants Lucas Maue and Todd Scott on May 27, 2015 (Doc. 75).

### INTRODUCTION

On March 30, 2015, this Court entered an Order dismissing various claims and directing Plaintiff to submit a brief as to why summary judgment should not be granted in favor of the two remaining Defendants, Lucas Maue and Todd Scott, pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 6). Plaintiff was specifically directed to provide argument and "appropriate evidence." Plaintiff alleges that these correctional officers used excessive force when they were escorting him to a transport bus and

placing him in the bus, respectively. Plaintiff claims that Defendant Maue struck him on the head with a wooden stick for no reason. Plaintiff further claims that Defendant Scott shackled him too tightly and pushed his head against a bus window. In response, Plaintiff objects to the March 30 Order and offers an undated affidavit of Curtis Croft who states that he was present when Plaintiff was escorted by Defendant Maue and placed on the bus by Defendant Scott (Doc. 69-1, pp. 6-7).[1] Defendants do not address Mr. Croft's affidavit or provide any further evidence in their response.

### BACKGROUND

The evidence presented to the Court in relation to Defendants' Motion for Summary Judgment reveals the following:

On July 29, 2011, thirty days after the library altercation, Plaintiff was transferred from Menard to Pontiac along with other inmates (Allen Caffey Deposition, p. 8, Doc. 52-1). On that date, Defendant Maue came to Plaintiff's cell, placed him in handcuffs, and escorted him out of the cell (Caffey Dep., pp. 8-9). Plaintiff believes that he slipped while being directed down a flight of stairs, and he was struck on the head by Maue. (Caffey Dep. pp. 37-38). After being taken to a shower area and searched, Plaintiff was then taken out of the building to a bus (Caffey Dep. pp. 40-41). Plaintiff testifies that he was roughly placed in the bus by Defendant Scott and that during this interaction, he requested a doctor because his "head hurt." (Caffey Dep. pp. 42-43).[2] Plaintiff further

---

[1] Plaintiff presents a number of facts in his response that are unsupported by citations to the record (Doc. 69).

[2] Plaintiff testified that he was "grabbed and put" onto a seat, that he was pressed against the window, and that he was shackled tightly. (Caffey Dep. pp. 42-43). Plaintiff also testified that the

testified that, while he was in pain, he didn't know he had a bump on his head--he only felt a bump under the hair on his head afterwards. (Caffey Dep. pp. 47-50). There is no testimony or evidence that Defendant Scott was aware of Plaintiff's medical condition (including the bump to the head or the abrasions to Plaintiff's feet), that he was injured by Defendant Maue, or that he knew that Plaintiff's shackles were too tight. A few hours later, when Plaintiff arrived at Pontiac, it is undisputed that he was seen by medical personnel (Doc. 7, p. 11). There is no evidence that Plaintiff sought any medical care for any of his injuries.

In his affidavit, Curtis Croft states that he was taken out of his cell on July 29, 2011, and he observed Plaintiff walking down stairs, backwards, with his head down (Curtis Croft Aff. ¶¶ 2-3, Doc. 69-1). He indicates that he saw a "tactical officer" hit Plaintiff "in the head with an oak stick . . . (unprovoked in my opinion)" (*Id.* ¶ 5). He later observed that "his head had swelled on the top right side, and I could see he was in pain . . ." (*Id.* ¶ 7). When they were both placed on the bus, he heard Plaintiff yell for a doctor, he saw him being pushed down "on the right side of his head (in the spot where I observed the injury)" (*Id.* ¶ 9).

### DISCUSSION

As stated in this Court's previous Order, "[t]he Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the 'unnecessary and wanton infliction of pain' on prisoners." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Hudson v.*

---

shackles on his ankles cause him pain but that, in placing the shackles on him, Defendant Scott just did not pay "that much attention to making sure that they wouldn't, you know, be a discomfort to me." (Caffey Dep. p. 50).

*McMillian*, 503 U.S. 1, 5 (1992)). But "not every 'malevolent touch by a prison guard' gives rise to a federal cause of action, even if the use of force in question 'may later seem unnecessary in the peace of a judge's chambers.'" *Outlaw*, 259 F.3d at 838 (quoting *Hudson*, 503 U.S. at 9). "The use of *de minimis* force, so long as it 'is not of a sort repugnant to the conscience of mankind,' is not of Eighth Amendment concern." *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (quoting *Hudson*, 503 U.S. at 9–10). If the force was more than *de minimis,* the core judicial inquiry is whether it "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Lewis*, 581 F.3d 467 (quoting *Hudson*, 503 U.S. at 7) (internal quotation marks omitted).

As for Defendant Maue, Plaintiff claims that he used excessive force when he hit Plaintiff over the head. While the use of force was deliberate and perhaps unnecessary, it was not so savage that it could be considered "repugnant to the conscience of mankind." Mr. Croft states that he observed Plaintiff in pain, but the undisputed evidence reveals that Plaintiff did not seek medical care for the minor injury. There was no showing that the bump on his head caused any lasting effects other than a momentary headache. While Defendant Maue's conduct cannot be condoned, it does not amount to a constitutional violation. *See Outlaw v. Newkirk,* 259 F.3d 833, 839 (7th Cir. 2001) (finding no Eighth Amendment violation when use of force caused superficial injury to prisoner's hand); *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (finding no excessive force where guard shoved inmate into door frame and caused bruising on inmate's back); *Lunsford v. Bennett,* 17 F.3d 1574, 1582 (7th Cir. 1994) (finding no Eighth Amendment violation where prison guard poured bucket of water on prisoner and

caused the bucket to hit prisoner on the head, which caused daily headaches but did not prevent him from working).

As for Defendant Scott, Plaintiff claims that he used excessive force when he shackled him too tightly on the bus and pushed his face into the window. The evidence before the Court demonstrates that the force used by Scott, while perhaps unnecessary, was *de minimis* and certainly not "repugnant to the conscious of mankind." Additionally, Plaintiff testified that Scott's conduct was probably not intentional (Doc. 52-1, p. 13), much less malicious and sadistic for the purpose of causing harm. Mr. Croft's affidavit adds nothing to this analysis. While Mr. Croft states that he saw a tactical officer push Plaintiff down on his injured right side, there is no evidence that the officer was aware of the bump on his head. Finally, Plaintiff made no argument and presented no evidence that Scott's actions caused him any actual injury. Consequently, no reasonable jury could find that Scott used excessive force.

Plaintiff seeks reconsideration of the Order entered on March 30, 2015.[3] Motions to reconsider serve narrow functions: to remedy a manifest error of law or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Such motions should be filed if the Court has misunderstood a party, made a decision outside the adversarial process, made an error of apprehension, if there are new facts, or significant changes in the law. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*,

---

[3] Plaintiff references Local Rule 73.1(b), 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 60(b). The first two do not apply to this Court's March 30 Order, and the later only applies to "final judgment, order, or proceeding."

724 F.3d 965, 967 n. 1 (7th Cir. 2013) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990))). Plaintiff has not presented any viable reason why the March 30, 2015 Order should be reconsidered.

Plaintiff first states that he was not given the opportunity to conduct discovery. He indicates that he served a request for production of documents on April 2, 2014 (Doc. 55-1, p. 17; Doc. 69-1, p. 2-4) for which he did not get a response. The discovery deadline in this case was March 21, 2014. This request, then, was untimely. Plaintiff did not seek an extension of the discovery deadline nor did he file a motion to compel once he did not get a response. To the extent that Plaintiff is now complaining that he was prevented from conducting discovery, his complaints are without merit. Plaintiff had ample opportunity to conduct whatever discovery was appropriate; the fact that he waited until after the last minute expired is not cause for either re-opening discovery or reconsidering the Order on summary judgment.

Plaintiff further sets forth various evidentiary objections. Plaintiff objects to the admissibility of the "Investigational Interview Sheet." This argument is without merit because the Court did not rely on this Exhibit in rendering a decision. Indeed, the Court found that the conflict between the documentary evidence and Plaintiff's deposition testimony was a jury question. Plaintiff objects as to the finding that he was part of a security threat group, a finding that Plaintiff claims is unsupported by the evidence. Plaintiff appears to argue that he has some sort of interest in not being placed in a security threat group. Such a claim is not related to this lawsuit. In any event, notwithstanding Plaintiff's conjecture as to what records reveal about his classification,

he presented no competent evidence that the offender tracking system did not identify him as a Gangster Disciple and that Defendant Hasemeyer was not entitled to rely on it. Plaintiff objects to the perceived failure to regard three exhibits attached to his responses to the Motion for Summary Judgment. As indicated previously, the Court considered all the evidence submitted by the parties (Doc. 66, p. 2).

Plaintiff's remaining evidentiary arguments are wholly without merit and do not require further discussion.

### Conclusion

For the foregoing reasons, the "Combined Motion to Object to March 30, 2015 Memorandum and Order, Move for Reconsideration, and to Answer in Response to Two (2) Excessive Force Claims" filed by Plaintiff on April 27, 2015 (Docs. 69 and 70) is **DENIED**. Summary Judgment is **GRANTED** in favor of Defendants Lucas Maue and Todd Scott and against Plaintiff. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 10, 2015**

s/ Nancy J. Rosenstengel____
**NANCY J. ROSENSTENGEL**
**United States District Judge**